USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ASTRA AKTIEBOLAG, et al.,           :
                                    :
            Plaintiffs,             :    99 Civ. 8926 (BSJ)
                                    :    99 Civ. 9887 (BSJ)
      v.                            :
                                    :
ANDRX PHARMACEUTICALS, INC.,        :
                                    :
            Defendant.              :    **Opinion & Order**
------------------------------------X
ASTRA AKTIEBOLAG, et al.,           :
                                    :
            Plaintiffs,             :    99 Civ. 8927 (BSJ)
      v.                            :    00 Civ. 4467 (BSJ)
                                    :
CHEMINOR DRUGS, LTD, REDDY-CHEMINOR,:
INC., AND SCHEIN PHARMACEUTICAL,    :
INC.                                :
                                    :
            Defendants.             :
------------------------------------X
ASTRA AKTIEBOLAG, et al.,           :
                                    :
            Plaintiffs,             :    98 Civ. 3657 (BSJ)
                                    :    98 Civ. 8094 (BSJ)
      v.                            :
                                    :
GENPHARM INC.,                      :
            Defendant.              :
------------------------------------X
                                    :
IN RE OMEPRAZOLE PATENT LITIGATION  :    M-21-81 (BSJ)
                                    :    MDL Docket No. 1291
------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On April 21, 2004, Plaintiffs submitted a Notice of Application to the Clerk to Tax Costs ("Application") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule

54.1, against the following Defendants: (1) Andrx Pharmaceuticals, Inc. ("Andrx"), in the amount of $75,639.12; (2) Cheminor Drugs, Ltd., Reddy-Cheminor, Inc., and Schein Pharmaceutical, Inc. ("Cheminor"), in the amount of $77,172.72; and (3) Genpharm Inc. ("Genpharm"), in the amount of $76,516.77. All three Defendants have submitted objections to the Application. The Court will defer consideration of Andrx's objections because litigation between Plaintiffs and Andrx is ongoing. The Court will also defer consideration of Cheminor's objections because the parties have apprised the Court that they are currently attempting to settle Plaintiffs' costs claim. However, Plaintiffs' Application is GRANTED as to Genpharm, subject to the limitations set forth in this Opinion.

## BACKGROUND

Plaintiffs submitted their Application on April 21, 2004. On August 9, 2004, the Court determined that Plaintiffs were the prevailing party in this litigation and that Plaintiffs were entitled to costs. The Court stated that "[a]lthough the Court believes that [Plaintiffs are] entitled to most, if not all, of the costs incurred in Phases I and III of the litigation, the Court will consider all objections raised by Defendants." (Op. Aug. 9, 2004 at 7.)

Andrx objects to Plaintiffs' Application on the grounds that (i) it is premature with respect to Andrx due to ongoing

2

litigation between Plaintiffs and Andrx, and (ii) the Application provides insufficient detail and supporting materials for Andrx or the Court to reasonably review Plaintiffs' purported costs. (Andrx's Opp. 1.) In addition, Andrx adopts Genpharm's objections (summarized below).[1]

Cheminor objects to the Application on the grounds that (i) Plaintiffs do not attribute any costs to the proceedings of the litigation and trial that were dedicated solely to the KUDCo defendants (who prevailed on all claims); (ii) Plaintiffs allocated costs to Cheminor on a pro rata basis rather than by apportioning the costs among each Defendant based on the testimony and trial activity directed to that Defendant; and (iii) each request for costs exceeds the scope permitted under the applicable rules or is insufficiently described and documented. (Cheminor's Opp. 2-3.)[2]

Genpharm objects to the Application on the grounds that (i) Plaintiffs have failed to properly account for their costs; (ii) Plaintiffs claim non-recoverable costs in that they seek to recover costs that Plaintiffs incurred in their unsuccessful litigation against KUDCo; and (iii) Plaintiffs have provided insufficient documentation. (Genpharm Opp. 2, 8.)

---

[1] Andrx also argues that Andrx is as much a prevailing party in this litigation as are Plaintiffs. But as discussed, the Court has already ruled that Plaintiffs, not Andrx, are the prevailing party.
[2] Like Andrx, Cheminor argues that Astra is not the prevailing party.

3

## DISCUSSION

Costs other than attorneys' fees generally are awarded to the prevailing party under Federal Rule of Civil Procedure 54(d)(1). See Dattner v. Conagra Foods. Inc., 458 F.3d 98, 100 (2d Cir. 2006). Rule 54(d)(1) states in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

However, the term "costs" as used in Rule 54 "includes only the specific items enumerated in 28 U.S.C. § 1920." Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001). That statute lists six categories of expenses that may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies where necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of experts and interpreters. See 28 U.S.C. § 1920.

"After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded." Natural Organics, Inc. v. Nutraceutical Corp., No. 01 Civ. 0384(GBD)(RLE), 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6,

2009) (internal citation omitted). However, the court has the authority to review, adjust, or deny an award of costs, and that decision "is committed to the sound discretion of the district court." Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 102 (2d Cir. 1999).

As discussed, the Court has already determined that Plaintiffs are the prevailing party in this litigation. Therefore, the Court must determine what costs Plaintiffs are entitled to in light of the objections lodged by Defendants.

First, the Court will defer consideration of Andrx's objections to the Application because litigation between Plaintiffs and Andrx is ongoing.[3] Upon its conclusion, the Court will consider any additional submissions the parties may make and will award costs (consistent with the methodology set forth in this Opinion).

Second, the Court will also defer consideration of Cheminor's objections to the Application because the parties have apprised the Court that they are currently attempting to settle Plaintiffs' claim for costs. If the parties do not notify the Court that this issue has been resolved within sixty

---

[3] On February 2, 2010, the Court granted Plaintiffs' motion to file a second supplemental complaint alleging additional facts relevant to assessing damages for infringement by Andrx under 35 U.S.C. § 271(e)(2) & (e)(4). The Court also denied Andrx's motions (i) to amend and supplement its counterclaims and (ii) for an order that Plaintiffs' willfulness claim is not part of the case. (Op. Feb. 2, 2010 at 1.)

5

(60) days from the date of this Opinion, the Court will award Plaintiffs costs.

The Court therefore turns to Genpharm's objections. First, Genpharm objects that Plaintiffs' Application "inappropriately seeks to recover from Genpharm, Andrx and Cheminor costs that Astra incurred in its entirely <u>unsuccessful</u> litigation against KUDCo. Thus, Astra's Application divides Astra's <u>total</u> costs by three. . . . [But] Astra is at most entitled to recover three-fourths of its costs." (Genpharm Opp. 8 (emphasis in original).)

The Court disagrees. The Court credits Plaintiffs' representation that "[e]ssentially the same costs would have been incurred by Astra regardless of whether it went to trial against one, two or four defendants" because "[t]he same affirmative witnesses would have appeared, and the costs associated with such witnesses would have been the same or very similar." (Astra Reply 4.) In addition, as Plaintiffs note, "a significant portion of the trial did not involve KUDCo because the testimony pertained to issues of validity, an issue KUDCo was barred from litigating at trial." (<u>Id.</u>) Moreover, Plaintiffs' proposed pro rata division of costs between Andrx, Cheminor and Genpharm is fair to Defendants because it effectively lowers the costs that each Defendant would have had to pay had it been tried separately. And finally, the Court

6

agrees with Plaintiffs that because "the claims and defenses of each defendant in the litigation were inextricably intertwined, it is practically impossible . . . to accurately divide the deposition or trial testimony into portions attributable to individual defendants." (Astra Reply at 4.) The Court therefore rejects Genpharm's claim that Plaintiffs are at most entitled to recover three-fourths of its costs due to its unsuccessful litigation against KUDCo. Cf. Sugarman v. Village of Chester, 213 F. Supp. 2d 304, 313 (S.D.N.Y. 2002) (in context of attorneys' fees application, court rejected claim that plaintiff was entitled only to costs recorded with reference to a particular defendant because "a request for attorney's fees should not result in a second major litigation" (internal quotation marks and citation omitted)). Accordingly, the Court will not reduce Plaintiffs' costs recovery to reflect Plaintiffs' lack of success against KUDCo.

Next, Genpharm objects principally to two categories of costs: witnesses' airfare costs and subsistence charges. With respect to the claimed airfare costs, Genpharm points out that Plaintiffs estimate the cost based on current prices for refundable coach class tickets, rather than providing receipts or other proof of the actual cost of the flights. (Genpharm Opp. 8.) For example, Plaintiffs claim $1,946.20 for airfare associated with Dr. Kurt Lovgren's deposition testimony on April

17, 2000 through April 20, 2000. But Local Rule 54.1(c)(3) of the Southern District of New York provides that the Court may award a testifying witness fees pursuant to 28 U.S.C. § 1821, which in turn allows fees "for the <u>actual</u> expenses of travel" utilizing "a common carrier <u>at the most economical rate</u> reasonably available." 28 U.S.C. § 1821(c)(1) (emphasis added). The statute also provides that "[a] receipt or other evidence of actual cost shall be furnished." Id.

Plaintiffs have submitted no receipts or other proof of the actual cost of the airfare (for example, an attorney affidavit). And as Genpharm points out, Plaintiffs' supporting declaration merely states that the price given is the "[f]light cost estimated from current price estimates for a refundable coach ticket." (Repka Decl. Ex. F nn. 3, 8 & 11.) Because a refundable ticket is not "the most economical rate reasonably available" and because the listed rates reflect airfare prices at the time the declaration was signed rather than during the dates of travel, Plaintiffs' Application does not comply with 28 U.S.C. 1821(c)(1).[4] Because Plaintiffs have failed to "demonstrate[] the amount of [their] costs and that they fall within an allowable category of taxable costs," Natural

---

[4] Plaintiffs' response that their witnesses flew business class and therefore the Application seeks less than the actual costs incurred misses the mark. Plaintiffs have still failed to document the price of the most economical airfare--<u>i.e.</u>, a non-refundable coach-class ticket--at the time of travel.

8

Organics, Inc., 2009 WL 2424188, at *2, the Court will not award Plaintiffs costs for witnesses' airfare.

The Court also agrees with Genpharm that the claimed witness subsistence charges are too high. Plaintiffs claim hotel and other subsistence charges in excess of the maximum per diem allowance of $244 per day, as established by the General Services Administration. See 28 U.S.C. 1821(d)(2) ("A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services."); Per Diem Rates for New York--FY 00," effective January 1, 2000, available at http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2000&contentType=GSA_BASIC&contentId=17943&queryState=New+York&noc=T. Astra's response that its calculations are based on actual itemized receipts and the expenses are not excessive does not satisfy the statutory standard. Therefore, Plaintiffs may recover no more than $244 per day for witness subsistence.

Finally, the Court has considered Genpharm's remaining objections to Plaintiffs' Application and finds them to be without merit. Therefore, Plaintiffs' Application is granted as against Genpharm, subject to the limitations set forth in this Opinion.

9

## CONCLUSION

For the foregoing reasons, Plaintiffs' Application is GRANTED as against Genpharm to the extent set forth in this Opinion. Plaintiffs are directed to submit to the Clerk of Court a revised application to tax costs against Genpharm reflecting the Court's rulings within thirty (30) days of this Opinion.

The Clerk of Court is directed to close the two Genpharm actions: 98 Civ. 3657 and 98 Civ. 8094.

**SO ORDERED:**

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         June 28, 2010